[Crim. No. 2807.   Second Appellate District, Division One.—January 25, 1936.]

THE PEOPLE, Respondent, v. ARCHIE L. TOMLINSON et al., Appellants.

Floyd H. Bowers for Appellants.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendants were convicted by a jury of robbery in the second degree.   It appears from the evidence that the victim met the two appellants in a cafe one evening and, after a few rounds of drinks there and elsewhere, while walking down San Pedro Street the three of them went into an alley.   One of the appellants threw his arm around the victim's neck and the other assaulted him; at this point he was relieved of his wallet containing $40 in cash.   The victim then succeeded in getting his knife open and wounded each of the appellants, who ran out of the alley with the victim in pursuit.   The victim immediately notified the police.   Appellant Tomlinson first went to his own hotel, borrowed a pair of trousers from a friend to replace his own, which were saturated with blood, then went to another hotel where he

obtained a room, at which place he was arrested the next morning.

The other defendant fled in another direction and having been stabbed in the lung, collapsed and was taken to the receiving hospital.

When appellants were confronted with Mr. Donelley, the victim, they denied that they knew him or had ever seen him before. At the trial, however, they told the characteristic story of a fight over a loan. When they were arrested they each gave different accounts of how their wounds had been received. When appellant Davis was arrested he had on his person two $10 bills, two $5 bills and one $1 bill, which were of the same denomination and amounts that Donelley, the victim, claimed to have lost in the robbery.

The foregoing is not all, but a substantial part of the evidence produced against the defendants at the trial. Appellants set forth six alleged errors of law consisting of rulings on objections and motions to strike and the admission of testimony. They are all too trivial to be worthy of consideration, and are devoid of merit.

The refusal of the court to give the instructions requested by appellants was not in error.

Finally, the claim that the verdict is contrary to the evidence can be summed up in the answer that any other verdict would have been a miscarriage of justice.

The judgment and the order denying the motion for a new trial are affirmed.

Houser, P. J., and York, J., concurred.